IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 11-cv-00116-ZLW-MJW

ANDRE STEENKAMP, and
DONNA I. STEENKAMP,

    Plaintiffs,

v.

HOUSEHOLD FINANCE CORP. III and
HSBC MORTGAGE SERVICES, INC.,

    Defendants.
_____

ORDER
_____

The matter before the Court is Plaintiffs' Amended Motion For Temporary Restraining Order (Doc. No. 17).  Plaintiffs request a temporary restraining order (TRO) pursuant to Fed. R. Civ. P. 65 preventing Plaintiffs' property from being sold at a foreclosure sale set for March 9, 2011.  Plaintiffs' motion has been liberally construed because they are *pro se*.[1]

In Colorado, mortgage foreclosure sales are governed by statute.  The process involves issuance of orders by the state district court authorizing and confirming the

---

[1] *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, the Court is not required to act as the *pro se* litigants' advocate. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

sale.[2]  The Public Trustee of the county in which the property is located conducts the sale.[3]

Plaintiffs are requesting that the foreclosure sale on March 9, 2011 in Jefferson County, Colorado be postponed "pending resolution of Complaint and further order of this Court."[4]  However, the Public Trustee for Jefferson County, Colorado is not a party to this lawsuit.  Therefore, this Court does not have jurisdiction to enjoin any action by the Public Trustee.[5]  Accordingly, it is

ORDERED that Plaintiffs' Amended Motion For Temporary Restraining Order (Doc. No. 17; Feb. 10, 2011) is denied.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[2] Colo. R. Civ. P. 120; Colo. Rev. Stat. § 38-38-105.

[3] See, e.g., Colo. Rev. Stat. § 38-38-110.

[4] Am. Mot. (Doc. No. 17; Feb. 10, 2011) at 1.

[5] See Moore v. One West/Indy Mac Bank, 10-cv-01455-REB-CBS, 2010 WL 3398855 at *3-4 (D. Colo. July 12, 2011).  Additionally, even if the Public Trustee was a party to this lawsuit, Plaintiffs' motion would be denied as this Court is precluded from interfering with a state court foreclosure order based on either the Rooker-Feldman doctrine or the Younger abstention doctrine. Id. at *5-6; Rousseau v. Bank of New York, 08-cv-00205-PAB-BNB, 2009 WL 3162153 at *3-4 (D. Colo. Sep. 29, 2009); Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC, 07-cv-00149-MSK-MJW, 2007 WL 1346591 at *2-3 (D. Colo. May 7, 2007).